JAMES RANDALL HOLT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holt v. Commissioner
Docket No. 7163-76.
United States Tax Court
T.C. Memo 1977-365; 1977 Tax Ct. Memo LEXIS 75; 36 T.C.M. (CCH) 1467; T.C.M. (RIA) 770365; October 17, 1977, Filed James Randall Holt, pro se. James R. Turton, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1974 in the amount of $2,522.80, plus additions to the tax under sections 6651(a) and 6653(a), [1] respectively, of $261.81 and $125.64. [2]
The issues for decision are: 1. Whether petitioner realized unreported gross income of $21,323.28 in 1974, resulting in taxable income of $8,348.65; *76 2. Whether any of the numerous constitutional objections raised by petitioners to the filing of a Federal income tax return or payment of Federal income taxes are valid. 3. Whether petitioner is liable for self-employment tax of $845.64 for 1974; 4. Whether petitioner's failure to file a Federal income tax return for 1974 was due to reasonable cause; and 5. Whether petitioner's underpayment of tax for 1974 was due to negligence or intentional disregard of the rules and regulations contained in the Internal Revenue Code of 1954. All of the facts have been stipulated. At the time he filed his petition, petitioner resided in Ennis, Texas. In 1974 petitioner earned gross income of $21,323.28. Petitioner is self-employed as owner and operator of Southwest Paper Transport Service. Petitioner filed a Form 1040 for 1974 in which he listed his tax due as "none" and failed to list his income on the grounds that his answer would be self-incriminating. Petitioner attached to his purported tax return a twelve-page document captioned "Petition and Protest," in which petitioner set forth various alleged reasons why his purported tax return was valid. After petitioner *77 filed his "tax protester" return, respondent determined petitioner's income and deficiencies. The parties have stipulated petitioner's income for the year in question. Respondent allowed petitioner a business expense deduction for 1974 of $10,618.99. The deduction was based on petitioner's business expense deductions for the prior two years as set forth in his 1972 and 1973 income tax returns. In these prior years operating expenses averaged 49.8% of petitioner's business income; on this basis, respondent allowed petitioner a business expense deduction of the above amount for 1974. This method of calculating a business expense deduction is not unreasonable and is legally permissible. See , affd. , cert. denied . Petitioner at trial gave no evidence to indicate that the business expense deduction allowed to him by respondent was erroneous. Accordingly, we sustain respondent's determination of the tax due. Petitioner also raised a myraid of constitutional objections to filing a Federal income tax return and paying Federal *78 income taxes. It is well settled that all of petitioner's constitutional objections in this case are frivolous. These issues have been fully discussed in numerous prior opinions of this and other courts. , cert. denied ; , cert. denied ; Hatfield v. Commissioner, 68 T.C. (September 12, 1977); , affd. F. 2d (3d Cir. 1977); ; . Petitioners have to pay their taxes, and no amount of disagreement with Government policy or action will exempt them. Respondent also determined a deficiency in petitioner's self-employment tax for 1974. Since the parties have stipulated that petitioner was self-employed in that year, and since petitioner has introduced no evidence contrary to respondent's determination of self-employment tax, we uphold respondent's determination *79 of that amount. Respondent further asserts that petitioner is liable for additions to tax under section 6651(a) for failure to timely file his return, and under section 6653(a) for negligent underpayment of taxes. Section 6651(a)(1) provides that an addition to tax will be imposed unless petitioner shows that the late filing was due to reasonable cause. The document filed by petitioner was not an "income tax return" because it does not contain any information setting out petitioner's income and deductions from which the tax can be computed. , cert. denied . Accordingly, petitioner did not timely file a return; petitioner presented no evidence establishing reasonable cause for this failure to timely file a return. Since the burden of proof rests on petitioner ( , we hold that petitioner has failed to carry that burden and is liable for an addition to the tax under section 6651(a). Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpayment is due to *80 negligence or intentional disregard of rules and regulations. We have held that in appropriate cases the negligence penalty may be assessed in addition to the late filing and payment penalty. , affd. ; , affd. percuriam. Had it been established here that respondent relied solely on the circumstances of unaggravated late filing without reasonable cause to apply the negligence penalty, an issue would have been raised of whether congressional imposition of the specific late filing and payment penalty for this delict precluded the further cumulative assertion of the negligence penalty for the same failure. However, here it has not been shown that there were no other acts of negligence or intentional disregard of rules and regulations, and we need not reach that issue. See P-H Memo. T.C. par. 76,278 (1976). The burden of proof again rests on petitioner to rebut respondent's *81 determination. . Since petitioner offered no evidence on the issue of negligence and the burden of proof was on him, we hold that petitioner is liable for an addition to the tax under section 6653(a).
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in 1974. ↩
2. Respondent in his statutory notice computed the addition to tax under section 6653(a) as shown above. The addition to tax under section 6653(a) should be $126.14.↩